UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GARY POOL, | § |
| | § |
|     Plaintiff, | § |
| | § |
| v. | §    CIVIL ACTION NO. 4:17-cv-00620 |
| | § |
| THE TRAVELERS HOME AND MARINE | § |
| INSURANCE COMPANY, | § |
| | § |
|     Defendant. | § |

### DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant The Travelers Home and Marine Insurance Company ("Travelers" or "Defendant") files its Notice of Removal of this action from the 352nd Judicial District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

    1.    On June 27, 2017, Plaintiff Gary Pool ("Plaintiff") commenced an action in the 352nd Judicial District Court of Tarrant County, Texas, styled *Gary Pool v. The Travelers Home and Marine Insurance Company*, where it was assigned Cause No. 352-292899-17 (the "Lawsuit").

    2.    On July 3, 2017, Travelers was served with a citation. Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served

even if the complaint is received at a prior date).

3. Defendant is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 352nd Judicial District Court of Tarrant County, Texas, and will serve a copy of the Notice of Removal on all counsel of record.

4. In accordance with Local Rule 81.1, attached collectively as Exhibit "A" are all materials filed in the state court. Defendant has also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

> **(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiff seeks monetary relief of over $100,000,[1] including damages, costs of court, and attorneys' fees.[2] Thus, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

> **(b) Complete diversity between Plaintiff and Defendant exist.**

7. Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and

---

[1] *See* Ex. A-2 ¶ 1.

[2] *See* Ex. A-2 ¶¶ 57-66, 70.

principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

8. Corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1). Travelers is incorporated in the State of Connecticut with its principal place of business in Connecticut. Accordingly, Travelers is a citizen of Connecticut.

9. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is a citizen of Connecticut, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant prays that the above-described action now pending in the 352nd Judicial District Court of Tarrant County, Texas be removed to this Court.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,**
  **WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing pleading has been furnished to all counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 28th day of July 2017 at the address indicated below:

James M. McClenny
J. Zachary Moseley
Chidi Oha
MCCLENNY MOSELEY & ASSOCIATES, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060

                                         */s/ Wm. Lance Lewis*
                                         Wm. Lance Lewis / Alissa Puckett