# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GARY POOL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **THE TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF STATE COURT MATERIALS

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | State Court Docket Sheet |
| A-2 | 6/27/2017 | Plaintiff Gary Pool's Original Petition |
| A-3 | 6/27/2017 | Civil Process Request |
| A-4 | 7/6/2017 | Return of Service for Citation |
| A-5 | 7/21/2017 | Defendant's Original Answer |

# EXHIBIT A-1



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | | | | 7/26/17 4:09 PM |
|---|---|---|---|---|

Cause Number:          352-292899-17                                              Date Filed: 06-27-2017

GARY POOL                        | VS |              THE TRAVELERS HOME AND
                                                                 MARINE INSURANCE COMPANY

Cause of Action:          CONTRACT, CONSUMER/DTPA

Case Status:                 PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 06-27-2017 | PLTF GARY POOL'S ORIG PET | N | I | | 284.00 | |
| 06-27-2017 | COURT COST (PAID) trans #1 | Y | | | | 284.00 |
| 06-27-2017 | SVC REQ FORM | I | | | | 0.00 |
| 06-27-2017 | CIVIL CASE INFO SHEET | | | | | 0.00 |
| 06-27-2017 | JURY FEE | N | | | 40.00 | |
| 06-27-2017 | COURT COST (PAID) trans #5 | Y | | | | 40.00 |
| 06-27-2017 | CITATION | V | A | Svc | 8.00 | |
| 06-27-2017 | COURT COST (PAID) trans #7 | Y | | | | 8.00 |
| 06-27-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL | V | A | Svc | 75.00 | |
| 06-27-2017 | COURT COST (PAID) trans #9 | Y | | | | 75.00 |
| 06-27-2017 | COPIES(SENT TO DP) | N | | | 11.50 | |
| 06-27-2017 | COURT COST (PAID) trans #11 | Y | | | | 11.50 |
| 06-28-2017 | CITATION Tr# 7 | V | A | Svc | -8.00 | |
| 06-28-2017 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL Tr# 9 | V | A | Svc | -75.00 | |
| 06-28-2017 | CIT Cert Mail-ISSUED ON THE TRAVELERS HOME AND MARINE INSURANCE-On 06/28/2017 | N | A | Svc | 83.00 | |
| 07-06-2017 | CIT Cert Mail Tr# 15 RET EXEC(THE TRAVELERS HOME A ND MARINE INSURANCE COMPANY) On 07/03/2017 | I | | | | 0.00 |
| 07-21-2017 | DEFN'S ORIG ANS | I | | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

# EXHIBIT A-2

FILED
TARRANT COUNTY
6/27/2017 10:21 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____  352-292899-17

| | | |
|---|---|---|
| **GARY POOL** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **THE TRAVELERS HOME AND** | § | |
| **MARINE INSURANCE COMPANY** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| *Defendant* | § | |

## PLAINTIFF GARY POOL'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Gary Pool, (hereinafter referred to as "Plaintiff"), complaining of The Travelers Home and Marine Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Tarrant County, Texas.

3. The Travelers Home and Marine Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by

serving its registered agent of service, Corporation Service Company, located at the following address: 211 East 7th Street Suite 620 Austin, TX 78701.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant The Travelers Home and Marine Insurance Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.  Specifically, The Travelers Home and Marine Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas.  *Kelly v. General Interior Constr., Inc*., 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Tarrant County, Texas, because the Property is situated in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant The Travelers Home and Marine Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 609 Ludo Cir., Hurst, Texas 76054.

9. Defendant The Travelers Home and Marine Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because he is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about March 08, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant The Travelers Home and Marine Insurance Company. Plaintiff subsequently opened a claim on March 08, 2016 and Defendant The Travelers Home and Marine Insurance Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant The Travelers Home and Marine Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. After reporting his claim to Travelers, Travelers proceeded to conduct an inadequate inspection of Plaintiff's property. Travelers sent correspondence to Plaintiff essentially stating that Plaintiff's property endured only minimal damage, which fell below the policy deductible. Therefore, DEFENDANT did not issue any payment on the claim. Such conduct by DEFENDANT violates Tex. Ins. Code §541.060(a)(3), which requires Travelers to provide Plaintiff with a reasonable explanation of the basis in policy, in relation to the facts or applicable law, for its settlement offer.

14. Frustrated by DEFENDANT's failure to adequately assess his claim, Mr. Pool was forced to bear his own costs and retain the services of a public adjuster to assess the damages to his property.  The investigation by Mr. Pool's public adjuster revealed that the damage to the property was in the amount of $88,693.95.  The gross disparity between Travelers' initial RCV

of $4,702.80, then subsequent RCV of $6,374.77, and the public adjuster's RCV of $69,165.15 highlights Travelers' failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear.  Tex. Ins. Code §541.060(a)(2)(A).

15. Plaintiff's public adjuster's estimate contains several pages of photos of hail damage to the entire roof, including the shingles, roof vent, ridge cap, and other vital components of the roof. Based on the investigation, the public adjuster concluded that the roof required complete removal and replacement.  The public adjuster's estimate also contains numerous photos of interior damage caused by a storm-created opening, resulting in severe water damage. Defendant's estimate, on the other hand, accounted for only the roof damage and minimal interior damage.  Such conduct by Travelers further violates Tex. Ins. Code §541.060(a)(2)(A); (7) for failure to conduct a reasonable investigation and failing in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once its liability became reasonably clear.

16. Additionally, public adjuster's estimate accounted for Occupational Safety and Health Administration ("OSHA") requirements.  According to the public adjuster's estimate, the necessary repairs to the property would require a safety monitor, fall protection harnesses, and toeboards for worker safety as required by the Occupational Safety and Health Administration pursuant to §1926.502.  Defendant's estimate did not allow for OSHA requirements.  By failing to account for necessary code compliance in its estimate, Travelers violated Tex. Ins. Code §§541.060(a)(2)(A) for failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim.

17. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

18. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

19. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level ***SHALL*** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems."  Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added).  This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

20. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

21. Defendant's assigned adjuster acted as an authorized agent of Defendant The Travelers Home and Marine Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant The Travelers Home and Marine Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

22. Defendant The Travelers Home and Marine Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

23. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

24. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

25. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. All acts by Defendant The Travelers Home and Marine Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant The Travelers Home and Marine Insurance Company and/or were completed in its normal and routine course and scope of employment.

28. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

29. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage.  Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

32. Defendant The Travelers Home and Marine Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

    D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

**<u>BREACH OF CONTRACT</u>**

33. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

34. Defendant The Travelers Home and Marine Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant The Travelers Home and Marine Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant The Travelers Home and Marine Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

35. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and his representatives, Defendant The Travelers Home and Marine Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

36. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

37. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

38. As described in this Original Petition, Defendant The Travelers Home and Marine Insurance Company represented to Plaintiff that his Policy and The Travelers Home and Marine Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

39. As described in this Original Petition, Defendant The Travelers Home and Marine Insurance Company represented to Plaintiff that his Policy and The Travelers Home and Marine Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

40. By Defendant The Travelers Home and Marine Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

41. Defendant The Travelers Home and Marine Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

42. Defendant The Travelers Home and Marine Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

43. Defendant The Travelers Home and Marine Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

44. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant The Travelers Home and Marine Insurance Company, to his detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the aforementioned acts,

omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

45. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

46. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show himself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

47. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

48. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's

denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items,

---

statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.   Failing to state the reasons for rejection (§ 542.056(c));

M.   Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.   Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O.   Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

49. By its acts, omissions, failures and conduct, Defendant The Travelers Home and Marine Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of his detrimental reliance upon Defendant The Travelers Home and Marine Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

50. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant The Travelers Home and Marine Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

51. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant The Travelers Home and Marine Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all

damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

52. As a result of Defendant The Travelers Home and Marine Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

### BREACH OF THE COMMON LAW DUTY OF GOOD FAITH & FAIR DEALING

53. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54. From and after the time Plaintiff's claim was presented to Defendant The Travelers Home and Marine Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

55. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the

duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed

to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

56. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

57. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

58. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

59. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

60. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

61. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

62. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

63. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

64. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, (in excess of $200,000.00 but less than $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

65. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

66. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

67. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

68. Plaintiff demands a jury trial, consisting of citizens residing in Tarrant County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

69. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant The Travelers Home and Marine Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce The Travelers Home and Marine Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in his attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by The Travelers Home and Marine Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether The Travelers Home and Marine Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of The Travelers Home and Marine Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between The Travelers Home and Marine Insurance Company and its assigned adjuster, and all correspondence between The Travelers Home and Marine Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person The Travelers Home and Marine Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If The Travelers Home and Marine Insurance Company or The Travelers Home and Marine Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by The Travelers Home and Marine Insurance Company or any of The Travelers Home and Marine Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of The Travelers Home and Marine Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

a.    The date and manner in which The Travelers Home and Marine Insurance Company received notice of the claim;

b.    The date and manner in which The Travelers Home and Marine Insurance Company acknowledged receipt of the claim;

c.    The date and manner in which The Travelers Home and Marine Insurance Company commenced investigation of the claim;

d.    The date and manner in which The Travelers Home and Marine Insurance Company requested from the claimant all items, statements, and forms that The Travelers Home and Marine Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.    The date and manner in which The Travelers Home and Marine Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date The Travelers Home and Marine Insurance Company anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe The Travelers Home and Marine Insurance Company's document retention policy.

10. Does The Travelers Home and Marine Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does The Travelers Home and Marine Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does The Travelers Home and Marine Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe The Travelers Home and Marine Insurance Company's bonus or incentive plan for adjusters.

## **CONCLUSION**

70. Plaintiff prays that judgment be entered against Defendant The Travelers Home and Marine Insurance Company and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Defendant The Travelers Home and Marine Insurance Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the himself to be justly entitled.

RESPECTFULLY SUBMITTED,

/S/ CHIDI OHA
McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Chidi Oha
State Bar No. 24094877
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Chidi@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

# EXHIBIT A-3

**CIVIL PROCESS REQUEST**

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| :---: |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): __Original Petition__

**FILE DATE OF MOTION:** __06/27/2017__

Month/      Day/      Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME: __The Travelers Home and Marine Insurance Company__

   ADDRESS: __211 East 7th Street Suite 620 Austin, TX 78701__

   AGENT, (if applicable): __Corporation Service Company__

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): __Citation__

**SERVICE BY** (check one):

☐ **ATTORNEY PICK-UP**            ☐ **CONSTABLE**

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **MAIL**                     ☒ **CERTIFIED MAIL**

☐ **PUBLICATION:**

   Type of Publication:   ☐ **COURTHOUSE DOOR,  or**

                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____

☐ **OTHER,** explain _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):

☐ **ATTORNEY PICK-UP**            ☐ **CONSTABLE**

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **MAIL**                     ☐ **CERTIFIED MAIL**

☐ **PUBLICATION:**

   Type of Publication:   ☐ **COURTHOUSE DOOR,  or**

                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____

☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: __Chidi Oha__                    TEXAS BAR NO./ID NO. __24094877__

MAILING ADDRESS: __411 N. Sam Houston Pkwy E., Suite 200, Houston, TX 77060__

PHONE NUMBER: __713__     __334-6121__     FAX NUMBER: __713__   __322-5953__

area code        phone number              area code      fax  number

EMAIL ADDRESS: __Chidi@mma-pllc.com__

CIVIC108 Revised 4-9/3/99

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____    AMENDED PETITION
_____    SUPPLEMENTAL PETITION


COUNTERCLAIM
_____    AMENDED COUNTERCLAIM
_____    SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____    AMENDED CROSS-ACTION
_____    SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____    AMENDED THIRD-PARTY PETITION
_____    SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____    AMENDED INTERVENTION
_____    SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____    AMENDED INTERPLEADER
_____    SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
    ORDER TO:  _____
                              (specify)

    MOTION TO:  _____
                              (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 4-9/2/99

# EXHIBIT A-4

Cause Number 352-292899-17

GARY POOL

VS

THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

OFFICER'S RETURN

Received  this  __Citation By Certified Mail__  on  the 28th day of June, 2017   at 3:55 PM ; and  executed  at
_B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN TX 78701_

within the county of _____ State of TX on the  3rd day of July, 2017   by  mailing  to
the within named _THE TRAVELERS HOME AND MARINE INSURANCE_  a true copy of this  _Citation By Certified Mail_
together with the accompanying copy of:
_PLAINTIFF GARY POOL'S ORIGINAL PETITION_

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By 

Fees $  75.00                    ANTHONY FERRARA

(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal)                  _____
                        County of Tarrant, State of Texas

*35229289917000015*



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

| Certified Mail Fee | |
|---|---|
| $ | 3.35 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $          Postmark
☐ Certified Mail Restricted Delivery $          Here
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

| Postage | |
|---|---|
| $ | 1.82 |

TRAVELERS HOME AND MARINE INSURANCE CO.

B/S CORPORATION SERVICE CO. - REG AGENT
211 E. 7TH ST.
STE. 620
AUSTIN, TX 78701

352-292889-17   DP/AF/CM

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7015 0640 0002 0984 7355

---

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

TRAVELERS HOME AND MARINE INSURANCE CO.

B/S CORPORATION SERVICE CO. - REG AGENT
211 E. 7TH ST.
STE. 620
AUSTIN, TX 78701

352-292889-17   DP/AF/CM

9590 9403 0953 5223 3840 12

2. Article Number *(Transfer from service label)*

7015 0640 0002 0984 7355

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ Chris Salzan
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery
                                       JUL 03 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

THOMAS A. WILDER

2017 JUL -6  AM 9: 30

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   (0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

DISTRICT CLERK
THOMAS A. WILDER
2017 JUL -6  AM 9: 32
FILED
TARRANT COUNTY

THE STATE OF TEXAS **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

## CITATION                    Cause No. 352-292899-17

GARY POOL

VS.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

### TO: THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN, TX
78701-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF GARY POOL'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 352nd District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

GARY POOL

Filed in said Court on  June 27th, 2017 Against
THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

For suit, said suit being numbered 352-292899-17 the nature of which demand is as shown on said PLAINTIFF GARY POOL'S ORIGINAL PETITION  a copy of which accompanies this citation.

CHIDI OHA
Attorney for GARY POOL Phone No. (713)334-6121
Address     411 N SAM HOUSTON PKWY E STE 200 HOUSTON, TX 77060

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 28th day of June, 2017.
By Anthony Ferrara
ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *35229289917000015*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF GARY POOL'S ORIGINAL PETITION  having first endorsed on same the date of delivery.

_____
_____

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                    _____
County of _____, State of _____

7015 0640 0002 0984 7355

Cause No. 352-292899-17

GARY POOL

VS.

THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

ISSUED

This 28th day of June, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        ANTHONY FERRARA Deputy

CHIDI OHA
Attorney for: GARY POOL
Phone No. (713)334-6121
ADDRESS: 411 N SAM HOUSTON PKWY E STE 200

HOUSTON, TX 77060

*CIVIL LAW*



*35229289917000015*

ORIGINAL

THOMAS A. WILDER
DISTRICT CLERK

2017 JUL -6  AM 9: 30

FILED
TARRANT COUNTY

# EXHIBIT A-5

352-292899-17

FILED
TARRANT COUNTY
7/21/2017 2:53 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 352-292899-17

| | | |
|---|---|---|
| GARY POOL, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Defendant.** | § | 352ND JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition") Defendant The Travelers Home and Marine Insurance Company ("Travelers" or "Defendant") files its Original Answer thereto.

## I.
## GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

## II.
## ADDITIONAL DEFENSES

1.     Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.     Coverage is precluded to the extent that the loss occurred outside the policy period.

3.     Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property, whether real property or personal property, which has not been repaired or replaced.

4.      Plaintiff's claims may be barred in whole or in part for the exclusion for Settling, Cracking, Bulging, Shrinkage or Expansion of Specific Property.

5.      Plaintiff's claims may be barred in whole or in part by the Ordinance or Law exclusion.

6.      Plaintiff's claims may be barred in whole or in part by the Neglect exclusion.

7.      Plaintiff's claims may be barred in whole or in part by the exclusion for "[w]ear and tear, marring, deterioration."

8.      Plaintiff's claims may be barred in whole or in part by the exclusion for "latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself."

9.      Plaintiff's claims may be barred in whole or in part by the exclusion for "rust or other corrosion."

10.      Plaintiff's claims may be barred in whole or in part by the exclusion for faulty, inadequate or defective: "b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; c. Materials used in repair, construction, renovation or remodeling; or d. Maintenance; of part or all of any property whether on or off the 'resident premises.'"

11.      Plaintiff has failed to mitigate his damages.

12.      Some or all of Plaintiff's claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties after loss, such as the failure to give prompt notice and/or the failure to protect Covered Property from further damage, including but not limited to the failure to make reasonable and necessary repairs to protect the property.

13.     Coverage is precluded to the extent Plaintiff seeks reimbursement for covered losses to which exceed the "least" of the following amounts: "(a) The limit of liability under this policy that applies to the building; (b) The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or (c) The necessary amount actually spent to repair or replace the damaged building."

14.     Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

15.     All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

16.     Travelers reserves the right to invoke appraisal.

17.     Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Travelers.

18.     Plaintiff has failed to state a claim.

19.     Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant The Travelers Home and Marine Insurance Company prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recovers costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*

WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via facsimile, in accordance with the Texas Rules of Civil Procedure, this 21st day of July 2017 at the address indicated below:

James M. McClenny
J. Zachary Moseley
Chidi Oha
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060

*/s/ Wm. Lance Lewis*

Wm. Lance Lewis /Alissa Puckett